IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Michelle Whitmer, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 12 C 50115 |
| vs. | ) | |
| CitiMortgage Inc., | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [88] to dismiss Counts V, VI, and VII of plaintiff's complaint is denied. The parties are urged to contact Magistrate Judge Johnston to make another attempt to settle this case.

## STATEMENT - OPINION

Plaintiff, Michelle Whitmer, filed a first amended complaint ("FAC") in this matter asserting new claims against defendant, CitiMortgage, Inc. Count I and Count II of the FAC were contained in plaintiff's original complaint in this matter and survived defendant's motion to dismiss.[1] The FAC adds new counts for negligent loan servicing (Count V), common law fraud (Count VI) and again, seeking punitive damages (Count VII). Subject matter jurisdiction is proper under 28 U.S. C. § 1332(a) as set forth in the court's prior order [32]. Defendant moves [88] to dismiss the claims in Counts V and VI and the request for punitive damages in Count VII for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Defendant argues plaintiff's negligent servicing claim must be dismissed because defendant had no general tort duty under Illinois law to service plaintiff's loan in a non-negligent manner. Relying on Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 568 (7th Cir. 2012), defendant contends there is no general duty of care between a lender and a borrower and in the absence of a fiduciary relationship, a lender cannot be liable to a borrower for the breach of an "extra-contractual duty". However, Wigod was addressing the economic loss doctrine, a doctrine of Illinois law that bars recovery in tort for purely economic losses arising out of failure to perform a contractual obligation. Id. at 567. In Wigod, there were no allegations of personal

---

[1] Counts III and IV of the original complaint were dismissed [32]. Count V of the original complaint was also dismissed because it was simply a request for punitive damages under the claims in Counts III and IV.

1

injury or non-economic loss. Allegations of emotional and physical distress have been found sufficient to survive a motion to dismiss based on the economic loss doctrine. Haymer v. Countrywide Bank, FSB, No. 10 C 5910, 2011 WL 2790172, *6 (N.D. Ill. July 15, 2011) (Kocoras, J.) It has been suggested that allegations of embarrassment, humiliation, emotional and mental pain and anguish also would be sufficient to survive an economic loss doctrine based motion to dismiss. Geimer v. Bank of America, N.A., 784 F. Supp. 2d 926, 934, n. 2 (N.D. Ill. 2011) (Pallmeyer, J.) "While the determination of a duty is a question of law for the court to decide, such a determination is more properly made after discovery has been completed and all the facts have been presented via a motion for summary judgment." Haymer, 2011 WL 2790172 at *6. (internal quotation marks and citation omitted.)

Plaintiff alleges defendant's actions caused her to suffer from depression, anxiety, stress, shame, humiliation, anxiety and sleeplessness. In light of all of the allegations in the FAC, and particularly the allegations of non-economic losses, the court will not conclude based on the pleadings that plaintiff has failed to state a claim in Count V of the FAC. The determination of the existence of a duty is better left to a later stage of this action.

Defendant also moves to dismiss the common law fraud claim set forth in Count VI of the complaint. The elements of common law fraud in Illinois are: "(1) a false statement of material fact; (2) by one who knows or believes it to be false; (3) made with intent to induce action by another in reliance on the statement; (4) action by the other in reliance on the truthfulness of the statement; and (5) injury to the other resulting from that reliance." JPMorgan Chase Bank, N.A. v. East-West Logistics, L.L.C. , 9 N.E.3d 104, 120 (Ill. App. 2014). Federal pleading is not fact pleading. Plaintiff need only provide "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and, since fraud is pled, state with particularity the circumstances constituting the fraud, Fed. R. Civ. P. 9(b), which "ordinarily requires describing the 'who, what, when, where and how' of the fraud." AnchorBank, FSB v. Hofer, 649 F.3d 610, 615 (7th Cir. 2011). Intent and knowledge may be alleged generally. Fed. R. Civ. P. 9(b).

Plaintiff has met this pleading standard. The complaint adequately sets out the numerous alleged false statements by defendant's representatives, plaintiff's reliance on those statements and her resultant injuries. Intent and knowledge are alleged generally, which is all that is required. While the complaint may not allege knowledge and intent as to each specific alleged false statement by each employee of defendant, nothing will be served by the court requiring plaintiff to re-plead in order to make such a general allegation of knowledge and intent for each employee's statement. This is not summary judgment. Plaintiff's allegations are sufficient to survive the motion to dismiss.

Defendant seeks dismissal of plaintiff's Count VII request for punitive damages. Defendant is correct that punitive damages are a remedy not a cause of action under Illinois law, Vincent v. Alden-Park Strathmoor, Inc., 948 N.E.2d 610, 615 (Ill. 2011), but there is no point in striking the request and requiring plaintiff to re-plead to correct this non-substantive error.

2

Defendant's substantive argument is that plaintiff has not pled sufficient facts to show she is entitled to punitive damages but no heightened pleading standard applies to punitive damages. See Fed. R. Civ. P. 8 & 9; Northwest Pipe Co. V. Travelers Indem. Co., No. C-02-04189JF, 2003 WL 24027882, * 2 (N.D. Cal. Feb. 12, 2003). Defendant is making summary judgment arguments on a motion to dismiss.

    For the foregoing reasons, defendant's motion [88] to dismiss Counts V, VI, and VII of plaintiff's complaint is denied. Defendant's arguments are better suited to a motion for summary judgment. The court notes that surviving a motion to dismiss is a long way from winning the case. The parties are urged to contact Magistrate Judge Johnston to make another attempt to settle this case.

Date: 5/20/2015        ENTER:

_____
United States District Court Judge

    Electronic Notices. (LC)
    Copy to Magistrate Judge Johnston